IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMINI INNOVATION CORPORATION, | § | |
| a California corporation, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1561 |
| | § | |
| BANK & ESTATE LIQUIDATORS, | § | |
| INC. d/b/a BEL FURNITURE, | § | |
| a Texas corporation, JAMAL | § | |
| MOLLAI, an individual, and | § | |
| COLLEZIONE EUROPA U.S.A., INC., | § | |
| a New Jersey corporation, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Collezione Europa U.S.A., Inc.'s Motion
to Dismiss Or Transfer, Or Alternatively, For a More Definite
Statement (Document No. 41).   After carefully considering the
motion, response, reply, and applicable law, the Court concludes as
follows.

I.   Background

This is an action for copyright and design patent infringement
arising out of the importation, advertisement, distribution, sale,
and public display of certain home furniture items.   Plaintiff
Amini Innovation Corp. ("AICO"), a California corporation with its
principal place of business in Pico Rivera, California, is in the
business of furniture design and manufacturing.   AICO originally

sued Texas corporation Bank & Estate Liquidators, Inc. d/b/a BEL Furniture ("BEL") and BEL's President Jamal Mollai ("Mollai") (collectively, the "BEL Defendants") in this Court in May, 2006, alleging copyright and design patent infringement related to the advertising, display, and sale of AICO's entertainment walls and a bed frame.  In pretrial discovery, AICO learned that Collezione Europa U.S.A., Inc. ("Collezione"), a New Jersey corporation with its principal place of business in Englewood, New Jersey, had supplied BEL with "at least one" of the accused products in this case.  *See* Document No. 44 ex. A ¶ 3.  In late October, 2006, AICO amended its complaint to add Collezione as a Defendant, and AICO asserted additional claims of infringement against Collezione.

Earlier that month, in mid-October, 2006, Collezione brought suit against AICO in the District of New Jersey for a declaration of non-infringement and invalidity with respect to certain of AICO's copyrights and design patents (the "New Jersey action").  In the New Jersey action, Collezione also seeks relief relating to cease and desist letters sent by AICO to Collezione and several of Collezione's customers in Virginia and Florida, and asserts claims for unfair competition, tortious interference with existing and prospective business relationships, tortious interference with contract, and commercial disparagement under Section 43(a) of the Lanham Act.  Document No. 41 ex. A.  Currently pending in the New Jersey action are AICO's motion to dismiss, strike, and/or transfer

the New Jersey action to this court, and Collezione's motion to enjoin prosecution of this action.

In late 2006, AICO and the BEL Defendants settled their claims and counterclaims against each other, and the BEL Defendants were dismissed from this action.   Document No. 40.   Now pending is Collezione's motion to dismiss this action on the basis of *forum non conveniens*, or alternatively, to transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Alternatively, Collezione moves for a more definite statement.

## II.  <u>Discussion</u>

### A.  <u>Motion to Dismiss Based Upon *Forum Non Conveniens*</u>

The doctrine of *forum non conveniens* is an improper method of transfer in this instance because Collezione seeks to have this case transferred to another federal district court.   "Only when the more convenient forum is a foreign country can a suit brought in a proper federal venue be dismissed on grounds of forum non conveniens."   <u>In re Air Crash Disaster Near New Orleans</u>, 821 F.2d 1147, 1159 n.15 (5th Cir. 1987), *vacated on other grounds, sub nom.,* <u>Pan Am. World Airways, Inc. v. Lopez</u>, 109 S. Ct. 1928 (1989); <u>Holmes v. Energy Catering Servs., LLC</u>, 270 F. Supp. 2d 882, 886 (S.D. Tex. 2003); 14D Wright, Miller, and Cooper, <u>Federal Practice and Procedure: Jurisdiction</u> § 3828, at 620-23 (3d ed. 2007).   "If a party seeks to change venue within the federal system based on

convenience, 28 U.S.C. § 1404(a) is the proper method." <u>Holmes</u>, 270 F. Supp. 2d at 886; *see also* <u>Cowan v. Ford Motor Co.</u>, 713 F.2d 100, 103 (5th Cir. 1983) (finding that where the "more convenient forum" proposed is an alternate federal district court, the *forum non conveniens* doctrine has been superseded by 28 U.S.C. § 1404(a)); <u>Quackenbush v. Allstate Ins. Co.</u>, 116 S. Ct. 1712, 1724 (1996). As such, Collezione's motion to dismiss on the basis of *forum non conveniens* will be denied.

B.    <u>Motion to Transfer Under 28 U.S.C. § 1404(a)</u>

Collezione moves to transfer this action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Section 1404(a) permits a district court to transfer a civil action to another proper venue "[f]or the convenience of parties and witnesses, [and] in the interest of justice . . . ." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." <u>DataTreasury Corp. v. First Data Corp.</u>, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003) (citations omitted); *see also* <u>Spiegelberg v. Collegiate Licensing Co.</u>, 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005). The transfer of an action under § 1404 is committed to the sound discretion of the district court. <u>Jarvis Christian Coll. v. Exxon Corp.</u>, 845 F.2d 523, 528 (5th Cir. 1988).

The movant bears the burden of demonstrating a transfer of venue is warranted.  Brown v. Petroleum Helicopters, Inc., 347 F. Supp. 2d 370, 372 (S.D. Tex. 2004); *see also* Peteet v. Dow Chem. Co., 868 F. 2d 1428, 1436 (5th Cir. 1989).  A court should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." Spiegelberg, 402 F. Supp. 2d at 789 (quoting Goodman Co., L.P. v. A & H Supply, Inc., 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005)).

The threshold issue under § 1404(a) is whether the plaintiff's claim could have been filed in the judicial district to which transfer is sought.  In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (citing In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir. 2003)).  Here, it is undisputed that this action could have been brought in the District of New Jersey, and venue is proper in that district under 28 U.S.C. § 1400(b).  *See* Document No. 41 at 10-11; Document No. 43 at 8.  The Court therefore considers the § 1404(a) balancing factors.

Whether to transfer a case under Section 1404(a) "turns on a number of private and public interest factors, none of which are given dispositive weight."  In re Volkswagen AG, 371 F.3d at 203. These concerns include: (1) the convenience of parties and witnesses; (2) the cost of obtaining attendance of witnesses and other trial expenses; (3) the availability of compulsory process; (4) the relative ease of access to sources of proof; (5) the place

5

of the alleged wrong; (6) the plaintiff's choice of forum; (7) the possibility of delay and prejudice; (8) administrative difficulties flowing from court congestion; (9) the local interest in having localized interests decided at home; (10) the familiarity of the forum with the law that will govern the case; (11) the avoidance of unnecessary conflict of law problems; and (12) the interests of justice in general.  *See* id. (citing Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n.6 (1981)); *see also* Spiegelberg, 402 F. Supp. 2d at 789-90; Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1165 (S.D. Tex. 1994); DataTreasury, 243 F. Supp. 2d at 593.   "A court may consider a wide range of circumstances in evaluating the facts involved in each case." Goodman, 396 F. Supp. 2d at 776.

1.   Analysis of Private Interest Factors

Convenience of Parties and Witnesses, Cost of
Obtaining Witnesses and Other Trial Expenses

"The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a)." Spiegelberg, 402 F. Supp. 2d at 790.  "[I]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." State Street Capital Corp. v. Dente, 855 F. Supp. 192, 198 (S.D. Tex. 1994) (internal citations omitted).  "The convenience of

6

one key witness may outweigh the convenience of numerous less important witnesses." LeBouef v. Gulf Operators, Inc., 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998); Houston Trial Reports, Inc. v. LRP Publ'ns, Inc., 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999).

Collezione asserts that all of its key witnesses, including key non-party witness Thomas Hassett, reside in New Jersey. Hassett, who is Collezione's independent furniture designer, designed some of the alleged infringing products at issue. Collezione claims Hassett will testify and, as well, its principals and co-founders, Leonard and Paul Frankel, who are expected to testify as to Collezione's design choices, manufacturing process, and various financial and marketing strategies. Hassett, along with the Frankels and other of Collezione's employees, reside in New Jersey, where Collezione is located and has its principal place of business, and where Collezione's sales, marketing, and pricing decisions related to the accused products occur. AICO, which is a California corporation with its principal place of business in Southern California, identifies only one witness who will be inconvenienced by a transfer of this case to New Jersey: Jamal Mollai, a dismissed co-Defendant who resides in the Houston area.[1]

_____

[1]AICO also asserts that Collezione's sales representative John Hyde, Jr. ("Hyde") may be inconvenienced by a transfer, but it is unclear from the record where Hyde resides.  Even if Hyde resides in Texas and is called as a witness, his convenience is entitled to less weight because Hyde is an employee of Collezione, and Collezione "will be able to compel [his] testimony at trial." Cont'l Airlines, Inc. v. Am. Airlines, Inc., 805 F. Supp. 1392, 1397 (S.D. Tex. 1992).

Mollai is the principal of BEL Furniture and is expected to testify about some of Collezione's marketing practices, sales, and pricing decisions.  Collezione, in turn, argues that its own corporate representatives are "in a better position" to testify to Collezione's overall marketing, sales, and pricing decisions than a single customer like BEL Furniture.  With the exception of Mollai, the parties have identified no witnesses who reside in Texas who will be called at trial, and neither party claims a corporate residence in Texas.  Instead, the majority of the witnesses, including key non-party witness Hassett who designed some of the accused products, reside in New Jersey, where Collezione is located and maintains its principal place of business, and where Collezione's sales, marketing, and pricing decisions related to the accused products largely occurred.  The convenience of the parties and witnesses strongly favors transfer.

Moreover, Collezione and its witnesses will save travel expenses if the case proceeds in New Jersey, while California-based AICO will incur travel expenses whether the litigation proceeds in Texas or New Jersey.  As such, the relative cost of obtaining witnesses and other trial expenses also favors transfer.  *See, e.g.,* Lambton Mfg. Ltd. v. Young, No. 91-3499, 1992 WL 5275, at *2 (E.D. Pa. Jan. 10, 1992) ("From an economic standpoint, it certainly makes more sense to conduct the trial of this matter in a district where only *one* party and its witnesses have to travel

rather than in a district where *both* parties and their witnesses have to travel."); <u>S.C. Johnson & Son, Inc. v. Gillette Co.</u>, 571 F. Supp. 1185, 1187 (N.D. Ill. 1983) (same).

## <u>Relative Ease of Access to Sources of Proof</u>

It is undisputed that neither party's business records or documents are located in Texas.  Collezione's financial, design, manufacturing, and sales documents relevant to this action are located in New Jersey, while AICO's business records and "virtually all" of its documents are located in Southern California.  *See* Document No. 41 at 11 & ex. C ¶ 6, ex. D ¶ 9.  AICO does not maintain that any relevant evidence is located in Texas.  This factor favors transfer.

## <u>Place of the Alleged Wrong</u>

"In a patent infringement action, the preferred forum is that which is the center of gravity of the accused activity."  <u>Minka Lighting, Inc. v. Trans Globe Imports, Inc.</u>, No. 3:02-CV-2538, 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003) (Fish, C.J.); *see also* <u>S.C. Johnson</u>, 571 F. Supp. at 1187-88 ("The trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production."); <u>LG Elecs., Inc. v. First Int'l Computer, Inc.</u>, 138 F. Supp. 2d 574, 590 (D.N.J. 2001) (same).  A court should consider "the location of a

9

product's development, testing, research and production." _Minka_, 2003 WL 21251684, at *3 (citing _S.C. Johnson_, 571 F. Supp. at 1188).  Also relevant is "the place where the marketing and sales decisions occurred, not just the location of any particular sales activity." _Id._; _see also_ _LG Electronics_, 138 F. Supp. 2d at 590. Therefore, in intellectual property infringement suits, which "often focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions." _Spiegelberg_, 402 F. Supp. 2d at 792 (quoting _Houston Trial Reports_, 85 F. Supp. 2d at 668 (internal quotations omitted)); _see also_ _Minka_, 2003 WL 21251684, at *3.

Here, Collezione is headquartered in New Jersey, where its principal place of business is located; its principal officers and other employees reside; the documents pertaining to the sales, pricing, and marketing of the infringing products are located; and the majority of Collezione's marketing and sales decisions are made.  Although AICO asserts that Collezione "sold some of the accused products to [Texas-based] BEL Furniture," AICO also admits that Collezione "sells furniture to numerous places in the United States," and the alleged infringing sales to BEL Furniture comprises just one aspect of the extensive design patent and copyright infringement alleged against Collezione in AICO's

complaint.  AICO also alleges that Collezione committed copyright and design patent infringement by making, selling, offering to sell, or importing infringing products; advertising, distributing, and publicly displaying infringing products (for instance, at a furniture trade show in North Carolina); selling and offering to sell knock-offs of AICO's products on Collezione's website; and supplying infringing products to various stores nationwide. Regardless of any particular sales to BEL Furniture in Texas, the "center of gravity" of the alleged infringement is most likely New Jersey, where Collezione's principal place of business is located, the marketing and sales decisions occurred, and the documents relative to the accused products are located. *See, e.g.,* <u>Minka</u>, 2003 WL 21251684, at *3 (granting motion to transfer venue in patent infringement suit where plaintiff alleged that some infringing sales occurred in Texas; "regardless of any particular sales [in Texas], the 'center of gravity' of the accused activity--i.e., the place where product development, testing, research, and production as well as any marketing and sales decisions occurred--is most likely the defendants' home offices in the Central District of California."); <u>S.C. Johnson</u>, 571 F. Supp. at 1187-88.  This factor strongly weighs in favor of transfer.

Plaintiff's Choice of Forum

While a plaintiff's choice of forum is generally entitled to deference, it is "neither conclusive nor determinative," *see* In re Horseshoe Entm't, 305 F.3d at 359, and "close scrutiny is given to plaintiff's choice of forum when the plaintiff does not live in the judicial district in which plaintiff has filed suit." *See* McCaskey v. Cont'l Airlines, Inc., 133 F. Supp. 2d 514, 529 (S.D. Tex. 2001); *see also* Robertson v. M/V Cape Hunter, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). The plaintiff's choice of forum also receives less deference "where most of the operative facts occurred outside the district." Minka, 2003 WL 21251684, at *1 (granting motion to transfer venue in patent infringement suit where nonresident plaintiff sued defendant in district where limited sales activity occurred; plaintiff's choice of forum was entitled to "diminished importance due to this district's lack of ties to the dispute and to the parties"). Here, AICO's choice of forum was induced by the presence of the original BEL Defendants, who are based in Texas. Shortly after AICO amended its complaint to add New Jersey-based Collezione as a Defendant, AICO settled with the BEL Defendants, thereby rendering Plaintiff's choice of forum much less significant. Collezione's sales activity to the BEL Defendants in Houston comprises just one aspect of the widespread patent and copyright infringement alleged against Collezione. As such, although AICO's choice of forum is entitled to some

12

deference, this factor under the circumstances that have now evolved weighs only slightly against transfer.

### Possibility of Delay if Transfer is Granted

This private factor is considered only in "rare and special circumstances" and must be established by clear and convincing evidence.  <u>Spiegelberg</u>, 402 F. Supp. 2d at 791 (quoting <u>In re Horseshoe Entm't</u>, 337 F.3d at 434).  Neither party has provided evidence that transfer to New Jersey would result in substantial delay to the resolution of this case.  As such, this factor is neutral as to transfer.

Accordingly, the bulk of private factors favor transfer.

2.   <u>Analysis of Public Interest Factors</u>

### Administrative Difficulties from Court Congestion

Overall, although certain delays may result at different stages of the litigation whether this case is retained or transferred, neither party has identified material administrative difficulties flowing from court congestion in either venue.  As such, this factor is neutral with respect to transfer.

### Local Interests

In this case, a California corporation alleges that a New Jersey corporation engaged in federal copyright and patent

infringement, and the underlying events are centered in New Jersey, where the design, manufacture, marketing, and sale of Collezione's allegedly infringing goods occurs.  Although some accused goods, sold nationwide, were sold to Texas-based BEL Furniture, this sales activity creates only an attenuated relationship with the Southern District of Texas.  AICO alleges several other means of patent and copyright infringement, such as Collezione's improper importation, advertising, distribution, and public display of infringing products--activities that are likely centered in New Jersey, where Collezione maintains its principal place of business.  The citizens of New Jersey have a more significant interest in this case than do the citizens of the Southern District of Texas.  This factor favors transfer.

<u>Familiarity With the Governing Law</u>

The majority of claims at issue between AICO and Collezione are issues of federal law (copyright, design patent, and Lanham Act claims), which both federal district courts are competent to address.  However, the action pending between the parties in New Jersey, with which this case may be consolidated, involves multiple claims brought under New Jersey law, which weighs in favor of transfer to the District of New Jersey.

14

<u>Avoidance of Unnecessary Conflict of Law Issues</u>

There are no conflict of law concerns in this case.  This factor is neutral as to transfer.

In sum, Collezione has met its burden to show that the factors and circumstances substantially favor transfer to the District of New Jersey--a forum that will better serve the interests of the parties, the witnesses, and the judicial system.

III.   <u>Order</u>

It is therefore ORDERED that

Defendant Collezione Europa U.S.A., Inc.'s Motion to Dismiss Or Transfer (Document No. 41) is GRANTED, and this case is TRANSFERRED to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a).

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the District of New Jersey, and shall notify all parties and provide them with a true copy of this Order.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 20th day of June, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

15